UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ROBERT F. GOLDWIRE**

    **Plaintiff,**

                                      Civil Action 2:20-cv-2673
    v.                                 Judge Michael H. Watson
                                      Magistrate Judge Chelsey M. Vascura

**ANNETTE SMITH-CHAMBERS,** *et al.*,

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

Plaintiff, Robert F. Goldwire, an inmate at Marion Correctional Institution ("MCI") who is proceeding without the assistance of counsel, brings this action asserting a variety of unrelated claims against twenty defendants in their individual capacities, all of whom are employed directly by Ohio Department of Rehabilitation and Correction ("ODRC") or at one of the following ODRC correctional facilities: Chillicothe Correctional Institution ("CCI"), Lebanon Correctional Institution ("LCI"), Trumbull Correctional Institution ("TCI"), and Marion Correctional Institution ("MCI"). This matter is before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

Having performed the initial screen, for the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims arising from events that occurred

during his incarceration at CCI pursuant to § 1915(e)(2) for failure to state a claim on which relief may be granted.  In addition, the Court **SEVERS** Plaintiff's remaining claims and **DISMISSES** those claims **WITHOUT PREJUDICE** as set forth herein.

## I.

Plaintiff's Complaint is difficult to decipher.  In his "Introduction" section to the Complaint, Plaintiff states that he is bringing claims premised upon Defendants' retaliation, falsification of records, due process violations, theft and obstruction, religious discrimination, equal protection violations, and failure to train and/or deliberate indifference and authorization. (Compl., ECF No. 1 at PAGEID # 8.)

Plaintiff's Complaint sets forth allegations relating to a variety of incidents or conditions spanning from 2015 through 2020, many of which are unrelated and occurred at different corrections facilities.  For example, Plaintiff alleges that in 2015, while housed at CCI, his request for a specific meeting time and place to practice his faith as a member of the 5% Nation of Gods and Earth ("NGE") was unlawfully denied.  Plaintiff further alleges that he then suffered various forms of retaliation (also during 2015) at CCI after filing a written complaint against the Imam, as well as other grievances.

Plaintiff was transferred to LCI in December 2015, where he remained incarcerated until September 2018, when he was transferred to TCI.  Plaintiff alleges that while at LCI, Defendant Shanklin, the Disruptive Security Threat Group ("STG") coordinator at LCI, "implicitly authorized" STG officers to "target" Plaintiff in retaliation for Plaintiff's "helping of the less literate prisoners exhaust their administrative remedies . . . ."  (*Id*. at PAGEID # 14.)  In particular, Plaintiff alleges that during his time at LCI, LCI officers: disrupted his sleep by kicking his door when they made their rounds; routinely destroyed his property; conducted

2

frequent cavity and strip searches in public areas; subjected Plaintiff and other prisoners "with high intensity chemical sprays"; interfered with his outgoing kites and mail and the grievance process generally; and threatened to harm or kill him. (*Id*. at PAGEID ## 14, 16, 18.)  Plaintiff alleges that on September 4, 2016, he learned from LCI STG Officer Brown that Defendant Reese, a CCI corrections officer, had identified him within the STG database as a "disruptive black supremacist." (*Id*. at PAGEID # 15.)  Plaintiff alleges that Officer Brown told him that it was "dangerous" to file grievances against people and that he could not be removed from the STG database, only designated as inactive.  (*Id*.)

After his transfer to TCI in September 2018, Plaintiff alleges that the TCI chaplain did not respond to his kites for religious accommodations and that the TCI librarian refused to make copies of his grievance materials for him.

Plaintiff was transferred to MCI in January 2019.  He complains that MCI personnel likewise failed to process his requests for religious accommodations.  Plaintiff also alleges that he was improperly designated as an STG member based upon a picture of a tattoo that was not his tattoo.  He alleges that he suffered religious discrimination while at MCI because the NGE flag was improperly listed in the STG database as an STG symbol.  Plaintiff again complains about his designation as an STG member.

Plaintiff filed the instant action on May 26, 2020.  He seeks monetary damages as well as declaratory and injunctive relief.

## II.

**A.     Misjoinder and Severance of Claims**

Federal Rule of Civil Procedure 20, which governs persons who may be joined in one action, provides in pertinent part as follows:

> Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to arising out of the same transaction, occurrence, or series of transactions or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). This means that a plaintiff may not "combine into one lawsuit unrelated claims against different defendants." *Robinson v. Rodarte*, 2017 WL 1017929, at *2 (E.D. Mich. Feb. 6, 2017), report and recommendation adopted at 2017 WL 994350 (E.D. Mich. Mar. 15, 2017). In the context of claims brought by inmates, the United States Court of Appeals for the Seventh Circuit has also observed that, "[u]nrelated claims against different defendants belong in different suits . . . to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees." *George v. Smith*, 507 F.3d 605, 506 (7th Cir. 2007) (citing 28 U.S.C. § 1915(g)).

Federal Rule of Civil Procedure 21 provides the remedy for such misjoinder and states as follows:

> Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party.

Fed. R. Civ. P. 21. "Where parties have been misjoined, a district court may drop a party or sever a claim against a party, but may not dismiss the action on that basis." *Roberts v. Doe*, No. 16-2082, 2017 WL 3224655, at *2 (6th Cir. Feb. 28, 2017); *see also Cage v. Mich.*, No. 16-cv-11679, 2018 WL 3729062, at *2 (E.D. Mich. Aug. 6, 2018) (citing Fed. R. Civ. P. 21) ("[T]he proper remedy for such misjoinder is to sever the claims against the unrelated parties and dismiss those claims without prejudice."); *Prince v. Elum*, No. 12-15526 (E.D. Mich. Jan. 14, 2013) (*sua*

4

*sponte* severing and dismissing claims without prejudice under Rule 21 in prisoner civil rights case for misjoinder).

This case presents a classic example of misjoinder given that Plaintiff advances unrelated claims against a variety of Defendants based upon events that occurred at different times (in fact, spanning over 5 years) and at different locations.  That is, Plaintiff's claims do not arise out of the same transaction, occurrence, or series of transactions or occurrences.  For example, Plaintiff's claims relating to the CCI officials' 2015 denial of his accommodation to practice his NGE faith are unrelated to his claims premised upon his allegations that years later, LCI officers subjected him to retaliation for filing grievances or that TCI officials and officers refused to process his grievances or make copies of his grievance materials.

In accordance with Rule 21, this action will proceed solely on those claims arising from events that occurred during Plaintiff's incarceration at CCI, which are also the only claims that are properly venued in this Court.  *See* 28 U.S.C. § 1391; S.D. Ohio Civ. R. 82.1.  Accordingly, Plaintiff's claims arising from the conditions or incidents occurring during his incarceration at LCI, TCI, and MCI are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing a separate complaint in a separate action.  The undersigned finds this result to be more just than directing the Clerk to automatically open cases for the severed claims (several of which likewise appear to lack merit or be time barred) because this approach allows Plaintiff the opportunity to consider whether he would like to pursue separate actions, which could subject him to paying additional filing fees.  *See* 28 U.S.C. § 1915(b)(1).

B.     **Review of Claims Arising During Plaintiff's Incarceration at CCI**

    1.     **Standard of review**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to

"lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> \*   \*   \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31.  Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted. *See Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a).  Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In considering whether this facial plausibility standard is met, a Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). The Court is not required, however, to accept as true mere legal conclusions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). In addition, the Court holds *pro se* complaints "to less stringent standards than formal pleadings drafted by lawyers." *Garrett v. Belmont Cty. Sheriff's Dep't*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. Apr. 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

    **2.    Application**

It is **RECOMMENDED** that the Court dismiss Plaintiff's remaining claims as time barred. "In § 1983 suits, the applicable statute of limitations is determined by state law, while the 'date on which the statute of limitations begins to run . . . is a question of federal law.'" *King v. Harwood*, 852 F.3d 568, 578 (6th Cir. 2017) (*quoting Eidson v. State of Tenn. Dep't of*

*Children's Servs.*, 510 F.3d 631, 635 (6th Cir. 2007) (alteration in original)). Ohio Revised Code § 2305.10 sets forth a two-year statute of limitations for § 1983 claims. *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). That statute of limitations "begins to run when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009).

Plaintiff filed the instant action on May 26, 2020. Thus, claims accruing prior to May 26, 2018, would generally be untimely. As set forth above, Plaintiff was transferred from CCI to LCI in December 2015. Defendant alleges, however, that he did not learn of Defendant Reese's identification of him in the STG database as a "disruptive black supremacist" until September 4, 2016, after he had been transferred to LCI. (*See* Compl, ECF No. 1 at PAGEID # 15.) Thus, any claim Plaintiff had against Defendant Reese arising from Defendant Reese's inclusion of him in the STG database would not accrue until September 4, 2016, given that is the date when Plaintiff had reason to know of the injury upon which he bases his claim against Defendant Reese. *See Scott*, 577 F.3d at 646. Consequently, all of Plaintiff's claims arising from his incarceration at CCI, including his claim against Defendant Reese, must be dismissed as time barred by the applicable two-year statute of limitations pursuant to § 1915(e)(2).

**C.     Other Pending Motions**

Plaintiff's Motion for Appointment of Counsel is **DENIED WITHOUT PREJUDICE** to re-filing at a later stage of this case. (ECF No. 2.) Although this Court has the statutory authority under 28 U.S.C. § 1915(e) to appoint counsel in a civil case, appointment of counsel is not a constitutional right. *Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (citation omitted). Rather, "[i]t is a privilege that is justified only by exceptional circumstances." *Id*. at 606. The Court has evaluated the factors used to assess whether such circumstances exist in this

8

case and has determined that appointment of counsel is not warranted at this juncture.

Plaintiff's Motion for Reduction of Copies (ECF No. 3) is also **DENIED WITHOUT PREJUCICE** in view of this Order and Report and Recommendation. Plaintiff may renew his motion should this action survive the initial screen.

### III.

For the reasons set forth above, Plaintiff's claims premised upon conditions he experienced or events that occurred during his incarceration at LCI, TCI, and MCI are **SEVERED** and **DISMISSED WITHOUT PREJUDICE** to Plaintiff re-filing a separate complaint against these Defendants in a separate action. In addition, it is **RECOMMENDED** that Plaintiff's claims premised events that occurred during his incarceration at CCI be **DISMISSED** pursuant to § 1915(e)(2). Finally, Plaintiff's Motion for Appointment of Counsel (ECF No. 2) and his Motion for Reduction of Copies (ECF No. 3) are **DENIED WITHOUT PREJUDICE**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE