UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Robert F. Goldwire,

    Plaintiff,

    v.

Annette Chambers-Smith, *et al.*,

    Defendants.

Case No. 2:20-cv-2673

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Plaintiff is a prisoner proceeding *pro se*. He sues twenty individuals who are employed either directly for the Ohio Department of Rehabilitation and Correction ("ODRC") or at one of the following ODRC facilities at which he has been housed: Chillicothe Correctional Institution ("CCI"), Lebanon Correctional Institution ("LCI"), Trumbull Correctional Institution ("TCI"), and Marion Correctional Institution ("MCI"). Plaintiff sues all Defendants in their individual capacities.

On the same day he filed his Complaint in this case, Plaintiff filed a letter with the Clerk's Office stating that he did not want a Magistrate Judge to be assigned to this case. Letter, ECF No. 5. Plaintiff also filed another letter notifying the Court that one of the Defendant's names had been misspelled on the docket.[1] Letter, ECF No. 9. He reiterated in that letter that he did not want a Magistrate Judge assigned to this case, complained that the Clerk's Office

---

[1] This error has been corrected.

assigned a Magistrate Judge over his objection, and asked the Undersigned to remove the Magistrate Judge from the case. *Id.* Finally, Plaintiff requested additional summons forms. *Id.*

On June 29, 2020, after performing an initial screen of Plaintiff's Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, Magistrate Judge Vascura issued a Report and Recommendation ("R&R"). R&R, ECF No. 12. After concluding that Plaintiff's claims against the various Defendants were improperly joined, the R&R severed and dismissed without prejudice Plaintiff's claims against all Defendants save those employed at CCI; it also recommended the Court dismiss Plaintiff's claims against the CCI Defendants as barred by the statute of limitations. *Id.*

Plaintiff timely objected. Obj., ECF No. 14.

## I.  STANDARD OF REVIEW

Under Rule 72(b), the Court must determine *de novo* any part of the Magistrate Judge's disposition to which Plaintiff has properly objected. Fed. R. Civ. P. 72(b)(3). The Court may accept, reject, or modify the R&R, receive further evidence, or return the matter to the Magistrate Judge with instructions. *Id.*

## II. ANALYSIS

Plaintiff raises four objections, which the Court addresses out of order.

### A. Objection #3

Plaintiff objects to the appointment of a magistrate judge to this case. Obj. 4–5, ECF No. 14. He states that he has not consented pursuant to 28 U.S.C. § 636(c) to have the case heard by a magistrate judge and references his letters to the Court stating the same. *Id.*

Plaintiff's objection is overruled. Although 28 U.S.C. § 636(c)(1) permits parties to consent to having a magistrate judge conduct full proceedings, including the entry of judgment, in a civil case, that is not the purpose for which Magistrate Judge Vascura has been assigned to this case. Magistrate Judge Vascura was appointed to this case pursuant to 28 U.S.C. § 636(b)(1)(B) & (C), which does not require Plaintiff's consent. Additionally, General Order COL: 14-01 of this Court automatically refers all prisoner civil rights cases to magistrate judges for the issuance of an R&R.

Because Plaintiff's consent is not required for the appointment of a magistrate judge in this case, Plaintiff's objection is overruled. The Magistrate Judge will not be removed from the case.

### B. Objection #2

Plaintiff objects to the Magistrate Judge performing an initial screen of his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) and applying the standard for such screens in the R&R. Obj. 4, ECF No. 14. Plaintiff states that

he has paid the full filing fee in this case[2] and that, as such, the screening provisions of § 1915 do not apply. *Id.*

This objection is also overruled. Section 1915A states that "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Initial review does not depend upon whether the prisoner plaintiff seeks leave to proceed in forma pauperis. *See id.*; 28 U.S.C. § 1915(e)(2)(B) (stating that it applies "[n]otwithstanding any filing fee" that had been paid).

Accordingly, despite Plaintiff's payment of the filing fee, § 1915A is the standard that governs these types of prisoner complaints, and the Magistrate Judge properly conducted the initial screen pursuant to that standard.

### C. Objections ##1 & 4

In these objections, Plaintiff contests the Magistrate Judge's recommendation that the Court find all of Plaintiff's claims against CCI Defendants are barred by the statute of limitations.

Plaintiff's Complaint in this case was filed on May 26, 2020. Compl., ECF No. 1. The R&R states that Plaintiff was transferred from CCI to LCI in 2015 and that, as such, all claims that arose from his time at CCI are barred by the two-

---

[2] Plaintiff asked for a receipt of his payment, which was docketed on May 28, 2020.

year statute of limitations for claims brought under 42 U.S.C. § 1983.  R&R 7–8, ECF No. 12.

Plaintiff agrees that the applicable statute of limitations is two years and agrees that all "claims prior to May 26, 2018 would generally be untimely[.]" *Id.* at 5.  Plaintiff argues, however, that his civil conspiracy claim against all Defendants did not accrue until he learned on December 18, 2019, that Defendant Jason Reese ("Reese") and Defendant Holly Uhrig ("Uhrig") entered false information on Plaintiff's Security Threat Group ("STG") file. *Id.*  He argues that December 18, 2019, was therefore the date that Plaintiff became aware that a civil conspiracy existed among all twenty Defendants and is the date on which the statute of limitations for his civil conspiracy claim began to run.  He also argues that his Complaint "alleges ongoing violations of constitutionally protected conduct" by CCI Defendants that are not barred by the statute of limitations. *Id.* at 2–4.

Upon *de novo* review, the Court concludes that Plaintiff has not stated a claim for civil conspiracy and has not alleged any violation by a CCI Defendant within the statute of limitations.

A civil conspiracy is a cognizable § 1983 claim. *Spadafore v. Gardner*, 330 F.3d 849, 853–54 (6th Cir. 2003).  A civil conspiracy under § 1983:

> is an agreement between two or more persons to injure another by unlawful action. Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single

> plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Id.* at 854 (quoting *Hooks v. Hooks*, 771 F.2d 935, 943–44 (6th Cir. 1985)). Conspiracy claims "must be pled with some degree of specificity, and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Jackim v. Sam's E., Inc.*, 378 F. App'x 556, 563 (6th Cir. 2010) (internal quotation marks and citation omitted).

Even reading the Complaint's allegations in the light most favorable to Plaintiff, he has not plausibly alleged that twenty different officials at four different ODRC institutions have conspired by engaging in a single plan to deprive Plaintiff of his constitutional rights. Although he alleges that the various individual Defendants may have engaged in similar retaliatory actions and perhaps even been similarly motivated by an annoyance of Plaintiff's continued use of the grievance system, he has not plausibly alleged a single plan existed between all Defendants. Any allegations of conspiracy in the Complaint are entirely conclusory. *E.g.*, Compl. ¶ 24, ECF No. 1 at PAGEID # 11.

Indeed, while Plaintiff repeatedly refers to a conspiracy throughout his Complaint as the impetus for individual retaliatory acts by Defendants, the Complaint specifically states that Plaintiff alleges "several *individual* Count(s) of" retaliation, falsification of records, religious discrimination, and denial of equal protection. Compl., ECF No. 1 at PAGEID # 8 (emphasis added). Plaintiff repeats in his objections that he brings the above individual counts, which he

argues "stem[med] from events that began as part of an ongoing civil conspiracy[,]" and Plaintiff says that he included the "history and involvement that was ongoing to show the court these Defendants['] relationship to the causational connection of ALL events AND Chronology of events[.]" Obj. 2, ECF No. 14. In other words, although Plaintiff argues in his objections that the Complaint asserts a separate civil conspiracy claim, his Complaint does not state such a claim with the required level of specificity to pass a Rule 12(b)(6) motion.

Moreover, any civil conspiracy claim that may have been adequately pled is barred by the statute of limitations (at least as it relates to the CCI Defendants). Plaintiff argues that he was unaware of the conspiracy until he discovered on December 18, 2019, that Defendant Reese had attached a picture of a different inmate's tattoos to Plaintiff's STG file. Obj. 5, ECF No. 14. He argues it was not until that date that he "saw the actual proof of what he suspected[.]" *Id.* at 6.

But Plaintiff alleged that he was aware of a conspiracy involving Defendant Reese creating a "fake STG Profile" as early as 2015.[3] *See* Compl. ¶ 34, ECF No. 1 at PAGEID # 14; Ex. 5, ECF No. 1-1 at PAGEID # 58. Thus, Plaintiff's conspiracy claim is time-barred, despite his objection to the contrary.

The Magistrate Judge thus appropriately characterized Plaintiff's Complaint as bringing "unrelated claims against a variety of Defendants based

---

[3] Alternatively, Plaintiff discovered "the fake STG designation authored by Jason Reese . . . Sept 4, 2016[.]" Compl. ¶ 34, ECF No. 1 at PAGEID # 14; R&R 8, ECF No. 12.

upon events that occurred at different times (in fact, spanning over 5 years) and at different locations." R&R 5, ECF No. 12.  Plaintiff's argument that the statute of limitations on his civil conspiracy claim did not begin to run until December 18, 2019, is incorrect, and the Magistrate Judge did not err in dismissing without prejudice Plaintiff's claims against the various non-CCI Defendants to permit Plaintiff to bring those claims in their proper district and division.

The R&R also correctly recommended dismissing the non-conspiracy claims asserted against CCI Defendants as time barred.  Although Plaintiff argues that not all of the claims against the CCI Defendants are barred by the statute of limitations because he alleges ongoing violations, Obj. 2–4, ECF No. 14, his objection fails to articulate any specific claims—apart from the civil conspiracy claim—against CCI Defendants that he believes occurred within the statute of limitations.

Plaintiff does mention a phone call allegedly made by CCI staff to LCI staff upon Plaintiff's transfer from CCI to LCI.  Obj. 2, ECF No. 14.  But to the extent Plaintiff argues this phone call by one of the CCI Defendants gives rise to a First Amendment retaliation claim against the caller, any such claim is barred by the statute of limitations because Plaintiff's Complaint alleges that he became aware of that phone call during his orientation into LCI in 2015.  Compl. ¶ 35, ECF No. 1. And to the extent Plaintiff argues that certain retaliatory actions by LCI staff were "a direct result of CCI staff contacting Lebanon Corr Inst. [sic]," Plaintiff has

failed to specify which retaliatory acts by LCI staff he believes occurred within the statute of limitations and for which a CCI Defendant is also liable.

Accordingly, Plaintiff's claims against the CCI Defendants are **DISMISSED WITH PREJUDICE** as barred by the statute of limitations, and his remaining claims against the other Defendants are **DISMISSED WITHOUT PREJUDICE** to permit Plaintiff, if he chooses, to bring them in the proper district and division.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**